| UNITED STATES DISTRICT COURT | NOT FOR PUBLICATION |
|---|---|
| EASTERN DISTRICT OF NEW YORK | |

ELIZABETH TAUBENFLIEGEL
on behalf of herself and
all other similarly situated consumers,

**MEMORANDUM & ORDER**

Plaintiff,

18-CV-1884 (ERK) (JO)

– against –

MILLER & MILONE, P.C.,

Defendant.

Korman, *J.*:

Plaintiff Elizabeth Taubenfliegel brings this putative class action against defendant debt collector Miller & Milone, P.C., alleging that the collection letter she received violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). Defendant moves for summary judgment.

## BACKGROUND

On April 4, 2017, plaintiff received the following letter on defendant's letterhead:

> RE: NEW YORK-PRESBYTERIAN/BROOKLYN METHODIST
> [redacted account number]
>
> Dear Sir/Madam:
>
> This office represents NEW YORK-PRESBYTERIAN/BROOKLYN METHODIST (FORMERLY KNOWN AS THE NEW YORK METHODIST HOSPITAL) in connection with your outstanding bill. Please provide us with any insurance or other payment information that may assist us in resolving this matter.
>
> Please indicate if you would like this hospital service to be considered for one of the Hospital's Financial Assistance Programs or Charity Care Programs.

1

> Very truly yours,
>
> Miller & Milone, P.C.
> Account Representative:
> Nadine Denis
> Ext: 239
>
> Account Information:
> Patient: ELIZABETH TAUBENFLIEGEL
> Hospital Account: [redacted]
> Account: [redacted]
> Date of Service: 03/10/2016
> Balance Due: $268.35
>
> THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS CORRESPONDENCE IS FROM A DEBT COLLECTOR. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of a judgment and we will mail a copy of such verification or judgment to you. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Compl., ECF No. 1, at 8 ("Collection Letter").

The sole basis for plaintiff's claim is that the above letter "[m]erely nam[es] the creditor without specifically identifying the entity as the current creditor to whom the debt is owed" in violation of the FDCPA. *See* 15 U.S.C. §§ 1692e(10), 1692g(a)(2). According to plaintiff, it is unclear that the hospital is the current creditor, even though the letter (1) identifies the hospital in the subject line; (2) states that defendant "represents [the hospital] in connection with your outstanding bill"; and further specifies the (3) patient name, (4) hospital account number, and (5) date of service. *See* Collection Letter, ECF No. 1, at 8.

# ANALYSIS

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Viewing the facts in the light most favorable to the party opposing the motion, *Matsushitsa Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986), a genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"[T]he FDCPA generally forbids collectors from engaging in unfair deceptive, or harassing behavior" and "establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection." *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002) (quoting *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001)). To that end, Section 1692g(a)(2) of the FDCPA requires that a written debt collection notice contain "the name of the creditor to whom the debt is owed."

"When determining whether Section 1692g has been violated, courts use an objective standard, measured by how the 'least sophisticated consumer' would interpret the notice received from the debt collector." *McStay v. I.C. Sys., Inc.*, 308 F.3d 188, 190 (2d Cir. 2002) (quoting *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 85 (2d Cir. 1998)). "Therefore, a debt collector's notice will violate Section 1692g if it fails to convey the required information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to her rights." *Id.* (internal quotation marks omitted). "The hypothetical least sophisticated consumer . . . is neither irrational nor a dolt." *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Indeed, the Second Circuit has cautioned courts "not to conflate lack of sophistication with unreasonableness." *Id.* "Accordingly, FDCPA protection 'does not extend to every bizarre or

idiosyncratic interpretation of a collection notice' and courts should apply the standard 'in a manner that protects debt collectors against liability for unreasonable misinterpretations of collection notices.'" *Easterling v. Collecto, Inc.*, 692 F.3d 229, 233-34 (2d Cir. 2012) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993)).

In evaluating a Section 1692g(a)(2) claim, "[t]he court's role is to assess whether the 'least sophisticated consumer' who read the entire letter would have been aware that the name of the creditor appeared in the letter." *Dewees v. Legal Servicing, LLC*, 506 F. Supp. 2d 128, 132 (E.D.N.Y. 2007). Although "merely stating 'RE' and the name of an entity in a collection letter does not satisfy the requirements of the FDCPA," *Talyor v. MRS BPO, LLC*, No. 2:17-CV-01733 (ARR)(RER), 2017 WL 2861785, at *3 (E.D.N.Y. July 5, 2017) (alterations omitted), "[a] debt collection letter may either explicitly or implicitly provide a consumer with [the] information required," *Goldtsein v. Diversified Adjustment Serv., Inc.*, No. 17-CV-04729 (BMC), 2017 WL 5592683, at *2 (E.D.N.Y. Nov. 20, 2017).

Here, the collection letter explains that defendant represents the hospital creditor "in connection with [plaintiff's] outstanding bill," and lists a patient name, hospital account number, date of service, and amount due. Collection Letter, ECF No. 1, at 8. These details, read together with the rest of the letter, compel the conclusion that defendant was collecting a debt on behalf of the creditor hospital. *Accord Schlesinger v. Jzanus Ltd.*, No. 18-cv-0226 (BMC), 2018 WL 2376302, at *2 (E.D.N.Y. May 24, 2018); *Talyor*, 2017 WL 286175, at *3. Although the word "creditor" is not used, "the FDCPA does not require debt collectors to use 'magic words' to avoid liability." *Romano v. Schacter Portnoy, L.L.C.*, No. 17-CV-1014(ARR)(CLP), 2017 WL 2804930, at *3 (E.D.N.Y. June 28, 2017).

The facts here are nearly identical to *Schlesinger*, 2018 WL 2376302, at *2, which held that a collection letter containing "multiple explicit references to [the] medical-provider creditor and . . . abundant context clues" satisfied Section 1692g(a)(2), even where the letter did not use the term "creditor." There, Judge Cogan reasoned as follows:

> Reading defendant's letters as a whole compels the conclusion that the letters clearly and effectively identified the respective creditors. Although the letters do not explicitly identify the "client" as the creditor, several portions of the letters implicitly do so. Each letter, read as a whole, makes clear that the debts relate to medical or hospital visits. The debtor's name is listed next to "Patient" and the "Date(s) of Service" presumably correspond with dates that each debtor received medical treatment. The account number is listed next to two other lines of information that clearly relate to medical services: "Patient Name" and "Client: [the name of a medical facility]." Surely even the least-sophisticated consumer would recognize the dates during which he or she was a patient at the listed medical facility and infer that the "Amount" is owed for the services he or she received there. It is hard to read these letters—the table in the top right-hand corner plus the text in the letters' body—and not conclude that each plaintiff owes money to a medical provider for medical services rendered.

*Id.*

On the same basis, no reasonable jury could conclude here that defendant violated the FDCPA. And none of the cases upon which plaintiff relies suggests otherwise, as each involved letters containing substantially less context regarding the current creditor's identity. *See, e.g.*, *Datiz v. Int'l Recovery Assoc., Inc.*, No. 15-CV-3549 (ADS) (AKT), 2016 WL 4148330, at *1, 11 (E.D.N.Y. Aug. 4, 2016) (plaintiff stated claim where letter caption listed hospital name "without more explanation"); *Beltrez v. Credit Collection Servs.*, No. CV 14-7303 (LDW) (AKT), 2015 U.S. Dist. LEXIS 160161, at *2 (E.D.N.Y. Nov. 25, 2015) (plaintiff stated claim where only reference to creditor was caption reading "REGARDING: VERIZON").

## CONCLUSION

Defendant's motion for summary judgment [ECF No. 14] is granted and the case dismissed. Plaintiff's motion to stay serving and filing plaintiff's motion for summary judgment until after class certification [ECF No. 12] is denied as moot.

**SO ORDERED.**

*Edward R. Korman*

Brooklyn, New York
December 17, 2018

Edward R. Korman
United States District Judge